UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-62231-COOKE/TORRES

TAVIA MUSSER,

    Plaintiff,

vs.

WALMART STORES EAST, L.P.,

    Defedant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This case arises from injuries Plaintiff Tavia Musser sustained from an allegedly dangerous condition on Defendant Walmart Stores East, L.P.'s ("Walmart") premises. Walmart removed this case from state court, asserting federal diversity jurisdiction under 28 U.S.C. § 1332. Musser challenges Walmart's removal, arguing that the amount in controversy is less than the $75,000 statutory requirement.

Pending is Musser's Motion to Remand to State Court ("Motion"). (ECF No. 8). Walmart has filed its Response in Opposition to Musser's Motion (ECF No. 9), and Musser submitted her Reply (ECF No. 10). The Motion is therefore fully briefed and ripe for adjudication.

I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons that follow, I deny Musser's Motion.

## BACKGROUND

Musser is a citizen of the State of Florida. (ECF No. 1-6 ¶ 2). Walmart, a limited partnership registered in the state of Delaware, is a wholly-owned subsidiary if Walmart Stores, Inc., a Delaware corporation that maintains its principal place of business in Arkansas.[1] (ECF No. 1 ¶¶ 8, 10).

On or about September 11, 2014, Musser slipped on a transitory substance on Walmart's premises (the "Store"). (ECF No. 8 ¶ 1). Musser alleges that Walmart breached

---

[1] *See Grupo Dataflux v. Atlas Glob. Grp. L.P.*, 541 U.S. 567, 569 (2004) (a limited partnership is a citizen of each State or foreign country of which any of its partners is a citizen).

1

the duty of care it owed to her as an invitee of the Store, and that the breach resulted in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. (ECF No. 1-6).

On May 3, 2016, Musser sent a demand letter ("Demand Letter") to Walmart stating her medical expenses to date as a result of the incident. (ECF No. 8-1 at 2-3). The Demand Letter further indicated that Musser had consented to surgery on her back, which she estimated would cost $100,000. (*Id.*). She proposed a settlement of $325,000. (*Id.*).

On June 22, 2016, Musser filed her Complaint for Damages and Demand for Jury Trial ("Complaint") in Florida state court. (ECF No. 1-3 at 34). On August 3, 2016, Musser filed her Amended Complaint alleging one count of negligence against Walmart. (ECF No. 1-6).

On August 18, 2016, Musser's counsel sent Walmart's counsel updated incident-related medical bills totaling more than $30,000, and again sent the Demand Letter. (ECF Nos. 8-1, 8-2). Walmart then removed the action to federal court on September 19, 2016. (ECF No. 1). On September 28, 2016, after Walmart filed its Notice of Removal, Musser offered to settle the claim for $74,999.99. (ECF No. 8-5). Shortly thereafter, on October 14, 2016, she filed her Motion to Remand. (ECF No. 8).

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. Federal jurisdiction exists only when a controversy involves either a question of federal law or diversity of citizenship between the parties. *See* 28 U.S.C. §§ 1331-32. Removal statutes are strictly construed. *Syngenta Crop Prot. Inc. v. Henson*, 537 U.S. 28, 32 (2002). Courts should remand all cases where subject matter jurisdiction is in doubt. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999).

The parties here do not contend that their controversy involves a question of federal law. Accordingly, this Court has jurisdiction over the instant case only if diversity jurisdiction exists. Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. There is no dispute in this case that the parties are of diverse citizenship. Thus, the only jurisdictional issue concerns whether the amount in controversy requirement is satisfied.

The removing defendant bears the burden of establishing facts supporting federal jurisdiction. *See Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005). I have the authority to rely on evidence "put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010). Rather, the removing defendant must establish the amount in controversy by a preponderance of the evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). To establish the amount in controversy by a preponderance of the evidence, "[d]efendants may introduce their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka*, 608 F.3d at 755.

Under 28 U.S.C. § 1446(b), a party may remove to federal court only if the removal occurs within one of two thirty-day time periods. The first thirty-day time period begins to run from the date of service of the state court complaint, if the complaint is removable on its face. 28 U.S.C. § 1446(b)(1). In that case, the complaint must, *inter alia*, affirmatively reveal that the plaintiff is seeking damages in excess of $75,000.[2] *Jade East Towers Dev. v. Nationwide Mut. Ins. Co.*, 936 F. Supp. 890, 892 (N.D. Fla. 1996).

If the complaint is not removable on its face, the second thirty-day time period starts to run from the receipt of an amended pleading, motion, order, or "other paper" from which the defendant can first ascertain that the case is removable. 28 U.S.C. §1446(b)(3). "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Lamberston v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (citation omitted); *see generally* Wright & Miller, *Federal Practice and Procedure* § 3731, at 524, 545 ("[F]ederal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope . . . [including] correspondence between the parties and their attorneys or between the attorneys.").

---

[2] There is no dispute that the Complaint, as initially filed, was not removable under Section 1446(b)(1).

3

Specifically, "responses to requests for admission, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)." *Wilson v. Target Corp.*, 2010 WL 3632794, at *2 (S.D. Fla. 2010); *see Katz v. J.C. Penney Corp.*, 2009 WL 1532129, at *4 (S.D. Fla. 2009) (court may consider settlement offers and demands when evaluating whether a case has been properly removed). While pre-suit materials can support removal, a defendant must receive an "other paper" after the initial pleading to trigger the thirty-day time period under Section 1446(b)(3). *See Jade E. Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F. Supp. 890, 891 (N.D. Fla. 1996) ("By its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of Section 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading.").

## DISCUSSION

Musser moves for remand arguing: (1) Walmart's reliance on the Demand Letter as "other paper" to determine the amount in controversy is misguided; and (2) Walmart has not met its burden of showing that the amount in controversy exceeds $75,000. I address each argument in turn.

### A. The Demand Letter

Musser argues "pre-suit settlement demand letters will not be considered as 'other paper' for the purpose of satisfying the amount in controversy requirement." *Negron v. Sears Roebuck & Co.*, 2006 WL 1169697, at *1 (M.D. Fla. 2006). She contends that the Demand Letter does not constitute an "other paper" because she first sent it before she filed the state-court Complaint. But she ignores the fact that she sent the Demand Letter, along with updated medical bills and records, to Walmart a second time *after* she served the state-court Complaint. (ECF Nos. 8-1, 8-2). At that point, her pre-suit Demand Letter became a post-suit Demand Letter. *See, e.g.*, *Lamb v. State Farm Mut. Auto Ins. Co.*, 2010 WL 6790539, at *2 (M.D. Fla. 2010) (denying motion to remand, and distinguishing between pre-suit demand, which was "mere posturing," and the "second and more detailed" post-suit demand). Courts routinely permit "the use of post-suit demand letters in determining the amount in controversy requirement." *Saberton v. Sears Roebuck and Co.*, 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005). I may therefore consider Musser's post-suit Demand Letter to determine whether removal is proper.

### B. Amount in Controversy

Musser contends that Walmart has not met its burden of establishing that the amount in controversy exceeds $75,000. I disagree. The Demand Letter sufficiently establishes that the amount in controversy exceeds the statutory minimum.

In some instances, demand letters and settlement offers merely "reflect puffing and posturing." *Wilson*, 2010 WL 3632794, at *3. On the other hand, these communications are a reliable indicator of the damages sought when they provide "specific information to support the plaintiff's claim for damages." *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, 2010 WL 6790539, at *2 (M.D. Fla. 2010) (quotation omitted).

Here, the Demand Letter provides ample information from which to estimate the amount in controversy. Specifically, Musser has incurred tens of thousands of dollars in medical expenses (ECF No. 8-2) and has consented to a surgery that has a projected cost of $100,000. (ECF No. 8-1 at 2). Additionally, Musser's doctor states that Musser will "continue to require therapy on a yearly basis . . . at least 4-6 weeks of therapy per year at an approximate cost of $4,000 per year," in addition to "at least 3-4 neurological follow-ups per year at a cost of $800.00 per year." (ECF No. 8-1 at 38). In sum, the preponderance of the evidence indicates that the amount in controversy exceeds $75,000.[3] Walmart therefore has established facts sufficient to support federal diversity jurisdiction under 28 U.S.C. § 1332. *See Allen*, 155 F. App'x at 481.

### CONCLUSION

In light of the above, I **DENY** Musser's Motion to Remand to State Court (ECF No. 8).

**DONE and ORDERED** in chambers at Miami, Florida, this 12th day of April 2017.

---

[3] Musser maintains that her post-suit offer to settle the case for $74,999.99 shows that the amount in controversy is less than $75,000. But "a plaintiff may not defeat removal by subsequently changing [her] damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*